May it please the court, Daniel McKelvey on behalf of Mr. Carson. Reversal is required here first and foremost because the jury instruction, as the government concedes, erroneously described the mens rea of reckless disregard that is required by the sex trafficking statute. Second, because critical defense evidence of state of mind was excluded. Third, because the court excluded questioning of a key government witness on his most substantial source of bias. And finally, because modus operandi evidence was admitted to show that the defendant had a character or propensity for committing this crime, which was not an appropriate use of that evidence. So maybe you should start with why this instructional error, the word carelessly should not have been used the way it was. I think that's pretty clear. But why is that not a harmless error in light of the very strong evidence in this record about Mr. Carson's brutal and coercive behaviors vis-a-vis the four victims? Your Honor, there's no question that this record has a lot of evidence that Carson was violent, had abusive relationships with these women, and that's indefensible. And that, you know, as to the three older, they're not that old, but the three that are above the age of 18, that even if, you know, on day one you may not have seen coercion, the statute covers maintenance. I mean, he's, it looks to me like an overwhelming evidence case. And as to the age of the 17-year-old, there's a huge amount of evidence that at least reckless disregard, the correct standard, if not certain knowledge, is there. We've got on that one Richardson's testimony telling him about her age. We've got that comment, well, I guess you have to stay below the radar, which I don't think helps Mr. Carson very much. I don't know. I mean, maybe arguing your other points first is better because it sure looks to me like error, although the error is there, the Nader case and other cases make it clear that instructional error is subject to the harmless error rule. Your Honor, I think... You know, particularly here where the overwhelming evidence shows that it's the defendant himself that is doing the coercing. Can there be any question about his knowledge that the victims are being coerced when he's the coercer, if there is such a word? Your Honor, there is, the defendant has romantic and sexual relationships with these women that were complicated. Romantic is a... Romantic is a word. Maybe not the word I would choose. Well, I mean, one of them wrote him love letters and brought her to, brought him to meet her family. And the government has testimony from experts about what people who are coerced and beaten down and trafficked do. That, I don't know. Love letters is a lot to say. But the question isn't the effect on the women. The question is what he understood himself. He was bipolar with psychotic features. Is it your argument that he was so socially or emotionally inept that he may not have known that his actions were coercive? I mean, is it really possible? Someone doesn't know that removing cell phone batteries to control communication, hiding shoes... Whipping. To name just a few examples, that's not coercive behavior. Is there anyone who wouldn't know that? Your Honor, I think that this is ultimately a, not a black and white case. The women told him that they wanted to be paid in drugs rather than cash, except for the one woman who said she wanted to be paid 50-50, who was. The women, all four of them, left and returned at various points in time. The underage woman testified herself that she had lied to Mr. Carson about her age. She had her own apartment, had already graduated from high school at that point in time. There is a legitimate jury question on what his mens rea was. But I, it seems to me, looking at Rule 12A1, that the evidence that's not admissible, this is a criminal proceeding involving alleged sexual misconduct. And evidence offered to prove that a victim engaged in other sexual behavior isn't admissible. He needs to put in evidence to prove that they engaged in other sexual behavior before he can say, and therefore, I thought that I wasn't coercing them. It's an essential predicate for his state of mind argument. But Rule 412 takes that evidence off the table. He cannot use that evidence. It's being used. That is the fact he needs to prove before he can make the argument he wants to make. Your Honor, I'm not sure I agree that it is, that without that evidence, which is indeed very significant and the most significant evidence that he had, that a jury could not have found that he lacked the requisite state of mind. I can't imagine. But this case did go to a jury. And I don't think there was any error in keeping out the evidence of their prior, I mean, of course, you're assuming they weren't trafficked in their earlier prostitution activities. And we don't have any evidence at all about that. No, Your Honor. I think whether or regardless of the underlying causes of their prior prostitution, it is common sense and not unreasonable for someone to think that, you know, when a woman tells him, I've been a prostitute for six years, that the fact that the woman is continuing to be a prostitute, despite having a violent and difficult personal relationship with the person who's her business partner, that she's continuing to be so vulnerable. I actually can't believe you're saying that. Certainly, I mean, you know, the happy hooker idea is not something that the facts in this case support. And if it was really so consensual, why is he beating them? Why is he showing them photographs of beaten up people? Why is he, as Judge Rovner was saying, taking their clothing, taking their method of communication with other people? There's just overwhelming evidence of the coercive behavior. So I don't agree that the evidence is overwhelming, and I think much of it can go both ways. The issue, there was only one cell phone battery that was taken, and that was when someone was about to call her mother to bring her mother in. He left and said, please wait, I think, a half hour before you call your mother. We want to leave first. And that's all that happened with that cell phone battery. I'm not denying that there was absolutely- He took it away from her. He took the cell phone battery away. But that was when he understood that she was no longer going to be engaged in commercial sex acts. That was at the very end of his relationship with one woman whom he allowed to leave. Even if that was inappropriate, that doesn't actually establish the mens rea element of the offense, which was his knowledge that force, fraud, or coercion would be used to coerce these- Well, and as Judge Rovner says, his actions of coercion, and both psychological coercion and physical coercion, raping just with an audience, at least on one occasion, there's a lot of evidence of coercion. Your Honor, the Sixth Circuit in the Houston case faced a situation where someone had himself made threats repeatedly over multiple days and threatened to kill his former lawyer, said it in front of some people, said it to his girlfriend, said it in recorded calls, said, I know these calls are being recorded, but this is what I want to do, asked her to arrange for the defense attorney to be killed. And what the court said in Houston is that on a cold record, it is difficult for the Court of Appeals to determine definitively whether there's no possibility that a jury could have found that the state of mind of at least reckless disregard. But this jury did find that, and the question, I guess, that maybe we've circled back to is whether the erroneous inclusion of the word careless in there under any rational look at this record was an error that satisfies the harmless error standard. So, Your Honor, Farmer v. Brennan requires both awareness of and conscious disregard of the substantial risk. We deal with Farmer on a daily basis. Indeed, earlier this morning. And all the jury was required to find was that someone recklessly disregards a fact when he is, quote, aware of but consciously or carelessly ignores facts and circumstances that would reveal the fact. So all the jury found is that he was generally aware of what was going on and that what happened would indicate to someone else that there was a substantial, you know, that there were. That distinction might matter to the harmless error analysis if it was somebody else who was doing the abusing and there was a serious question about his knowledge of that. There can be no serious question that he knew what he himself was doing to these girls to coerce them. So the error here, just as a matter of law, doesn't make any difference. It clearly was an error in the definition of recklessness. But on the facts of this case, when he himself is the abuser, just doesn't make any difference. Your Honor, when someone is bipolar and has abusive relationships with people in his life, the fact that he engages in those completely inappropriate- There was no NGI defense here, right? No, there wasn't. Okay. So his bipolar disorder was a non-factor in the jury's- Well, that was actually only diagnosed after the case here. Right. Mentally ill people sometimes lack insight into their condition, but there was no mental illness defense here, so that's- That's correct. And I'm sure if this is affirmed that that's an issue that will come up with respect to his counsel's competence. But when looking at whether or not on remand a jury might find that he lacked the mental state required for this, the fact that he had these difficult relationships with women shows that he- It shows that at the very least, he was careless, but it doesn't necessarily establish that he himself understood, just like in Houston, that his actions were causing or were being perceived in that way. And on this cold record, the court cannot be sure, beyond a reasonable doubt, that the evidence would not have had that- that a jury would not come to that other conclusion. So what is the standard? Is it subjective in your view, or is it whether a reasonable person would have perceived the substantial risk of coercion? What's the standard? Your Honor, the statute doesn't define reckless disregard, but because it uses the common language of criminal recklessness, the standard is the subjective standard that this court has many times since Farmer v. Brennan applied in the context of criminal statutes. And that is a subjective awareness of the substantial risk and conscious disregard of that risk. All the jury heard was that it needed to consider objectively whether someone like him should- someone not like him, but somebody in that position should have been aware. And that's not what's being disputed on appeal. What's being disputed on appeal is whether he himself actually was, beyond a reasonable doubt, aware, and a jury might have found otherwise. The state of mind evidence that Judge Wood referred to earlier is very important here as well, because, you know, his relationships with these women were not very long, three, four weeks, except for the one who testified that she was his girlfriend and that she had a longstanding relationship, wrote love letters to him, and so forth. And when you're talking about such short relationships, you know, his initial impression that they were doing the prostitution voluntarily and then when they left and then came back to him and continued to prostitute could have caused someone to believe carelessly but not necessarily recklessly. Okay. You're just bumping through your rebuttal time. So if you'd like to save a little bit, I think we have this point. Thank you, Your Honor. That's Alexakis? Yes. May it please the Court. My name is Georgia Alexakis, and I represent the United States. This Court should affirm Defendant Mackenzie Carson's conviction. As the panel has recognized the evidence in this case was overwhelming. The defendant clearly knew the facts at issue. He knew the circumstances at issue. At the very least, he recklessly disregarded the fact that his repeated use of force, coercion, and threats is what caused these women to engage in commercial sex acts, to prostitute themselves. Okay. So Mr. Michael Ellie argued that because he had some severe mental health problems, he may not have perceived a substantial risk that he was coercing the women into prostitution. So what is the standard? Is it subjective, or is it whether a reasonable person would have perceived a substantial risk of coercion? Well, I think the way that the jury instruction in terms of reckless disregard was presented to the jury, coupled with the knowing instruction, the jury essentially ended up having all of these options available to them. So they were instructed on what knowing meant, and no one disputes that that instruction was correct. And then they were given this definition of reckless disregard, which because of the use of the disjunctive rather than conductive, gave us arguably both a reckless disregard instruction and a negligence instruction. Which you concede was error. The government concedes that that was error. So an error, I don't know whether it's because it said or instead of and, but it's really too bad this didn't get caught. It is too bad, Your Honor. And it goes in part to the government's forfeiture argument with respect to the defendant, where in the charging conference the defendant argued in general that a jury instruction regarding reckless disregard was inappropriate. The government responded that reckless disregard was a permissible mens rea under the statute, and relied on, unfortunately, the committee notes to the pattern jury instructions. Wait a second, please. He may not have objected to the exact language, but isn't an objection to the lowering of the burden, which we know was caused by changing the requirement from consciously to carelessly a good indication of what his objection was? I mean, in other words, what I'm trying to get at, I guess, is, is it your position that he has to be more specific? Does he have to be more specific than stating that the instruction unfairly lowers the burden and eliminates mens rea? I think it would have helped, Judge, if he had been more specific. And I think the reason why it would have helped is because when you look at the excerpt from the charging conference transcript, and you look at the objection in the appropriate context, it appears that what they were simply objecting to was just the notion of a reckless disregard instruction overall. Had they been more specific in the instruction, maybe we wouldn't be in this place. But regardless of whether the court looks at this as a forfeited objection, or whether we look at this simply from a harmless error standpoint, the fact remains is that the evidence in this case was overwhelming. And the arguments that the defendant is now making on appeal are arguments that were made to the jury. The defendant stood up during closing argument and argued that his victims were not coerced, that they prostituted themselves voluntarily, that they did it in exchange for money or love or drugs. These were arguments that the jury heard and the jury rejected. And part of the reason why they rejected them is because of the kind of evidence that the panel recognizes as substantial. I'm talking about evidence that the defendant beat one of his victims after she told him that she was too tired to prostitute herself yet again after he had picked her up from one date earlier in that evening. And his response was to beat her in the eye and break one of her blood vessels. He made one of his victims get undressed when she told him that she was ready to leave the hotel room, that she wanted to leave his employ. He told her that she needed to get undressed and that she could walk out the door naked. And then when she tried to do that, he grabbed her naked, threw her on the bed, and whipped her with a belt. This argument that the defendant is making on appeal, and an argument that permeates all of the legal issues that he's making, that this was a close call, that yes, there was prostitution, and yes, there was violence, but the two were not in any way connected, that was an argument that was specifically made to the jury, and the jury rejected it. Now, the other argument that the defendant focuses a lot on in his appeal is his state of mind with respect to the defendant's prior sex acts. He argues that the fact that his victims had previously prostituted themselves bore on his state of mind with respect to whether they were prostituting themselves voluntarily. But the fact is that the defendant never said that to the district court. What the defendant said to the district court was, I have these reports given to me by the government during discovery, reports of interviews with FBI agents, criminal history reports of the victims, and based on the discovery tendered to me by the government, I know that, for example, one of my victims prostituted herself for approximately six years before she started working for the defendant. And so based on this discovery, I would now like to go on a fishing expedition, and I would like to ask these victims in front of the jury about their prior sexual behavior. The defendant never told the district court the relevant facts as he argues them now on appeal, meaning the defendant never said, well, I knew at the time that I was prostituting these women that they had previously prostituted themselves, or I knew at the time that I was prostituting them that these women had previously prostituted themselves voluntarily. That's the kind of facts that perhaps could have opened the door to a limited amount of questioning of the victims. But that's not what he proffered. Instead, he simply proffered that, again, later in time, based on discovery given to him by the government, he believes that these women had prostituted themselves, and that simply that kind of proffer simply wasn't enough to override Rule 412's prohibition on the introduction of evidence used to prove someone's prior sexual behavior. And so in that sense, the district court did not abuse its discretion, did not err in prohibiting the defendant from cross-examining his victims in that respect.  You know, I do have a question about other bad acts. You stated that the evidence about the other women, the ones who are not the victims of the charged acts, was not offered to show modus operandi, but rather is evidence of the charged crime itself. In other words, you know, the climate of fear, the coercion. But the limiting instruction that the court gave about this evidence that is set forth on page 39 of your brief, if later you want to look, describes it as being offered and allowed for the limited question of the defendant's modus operandi. So I'm wondering what it is. Just for, you know, my own edification. Is the question, I'm sorry, Judge, whether in fact it was offered for modus operandi? Is it direct evidence of the crime, which would take you out of 404B altogether? Or, and I noticed that instruction too, or is it modus operandi? And if it is the latter, then what's it doing there? This is not a case where you're trying to figure out it's the Batman burglar. You know, this is a case where we know it's Mr. Carson who we're after. The government's position pre-trial and throughout trial was that much of this evidence was actually direct evidence of the charged crime. The district court in a pre-trial ruling found it admissible under 404B under the modus operandi exception. But the district court also revisited that ruling throughout the trial. And there are a few instances, and I think I point to them in the government's brief, where the district court in response to a renewed 404B objection by the defendant during the course of the trial actually characterized it as direct evidence, agreed with the government that the evidence being proffered was direct evidence of the charged crime. So was that said before or after this limiting instruction reproduced on page 39 of your brief? I believe that the jury instruction came later, because the jury instruction that appears on page 39 of the brief is the jury instruction as it was read to the jury. The earlier citations in the transcripts, I believe, came up during sidebars between counsel and the court. I can't explain the presence of the instruction in the sense of the government's position pre-trial, and it's obviously the government's position on appeal as well, that 404B is not the basis of admissibility for the disputed evidence, but rather it's direct evidence of the charged crime as evidence of the recruitment techniques of the defendant, the climate of fear that he engendered, and as corroboration for the victim's testimony, which was critical given that one of the defendant's key points, particularly in his closing argument, was to try to systematically attack the credibility of each of the witnesses. Is that in the nature of a harmlessness argument? With respect to the evidence? The 404B, that if the court treated it mistakenly as 404B and mistakenly instructed the jury on modus operandi, that it's ultimately harmless because it was direct evidence of the crime and could have come in for that reason? Yes, Judge. The government would agree with that position. Rather than it was actually admitted for that reason because the judge's giving of the limiting instructions suggests the opposite. That's correct, Judge. If there are no further questions, the government would ask that the court affirm the defendant's conviction. All right, thank you. I think you have about a minute, Mr. McKiley. Very quickly, I'd like to begin with the 404B issue. First, the government actually argued below of R58 that the purpose for admitting the evidence was to prove, quote, methods and patterns. So the modus operandi evidence didn't just spontaneously appear. Suppose it was evidence really just to show what was the business that he was operating. What were its characteristics? What people worked for it? That doesn't sound like propensity to me. It sounds like I'm in the landscaping business. I plant trees. I go and mow people's lawns. When you're describing a business, you are going to describe the people who were involved and what services are offered and so on. It seemed to me that's what this was really doing. Your Honor, I think there's no – in that case, there's maybe a purpose of explaining to a jury something they otherwise wouldn't understand. So how many jurors have run prostitution businesses? Probably not that many. Well, but from the four women that issued the case, the jury absolutely would have understood. And the government argued that Carson was a monster and a predator six times during closing argument on the basis of all this collected evidence that was supposed to show his modus operandi. And I think that particularly with the jury instruction, which encouraged the jury, allowed the jury to convict for carelessness. And by the way, just on that point, I do want to mention that the objection below was made in response to a very short instruction. There wasn't an argument that reckless disregard isn't applicable to statute. The objection was very much on point. With that jury instruction incorrect, plus all this prejudicial 404B evidence, there's very little that we can actually learn from the jury instruction, from the jury's results in this case. All right. Well, thank you very much. And you took this case by appointment, did you not? Yes, Your Honor. We appreciate your efforts very much. Thank you.